## BONEBRIGHT, complainant, *vs.* PEASE, DENIO & PIERCE, defendants.

One of the members of a firm sold his interest to his co-partners and a third party, the new firm agreeing verbally in the sale, "to see that all the debts of the old firm were paid, and that he, (the retiring partner,) should not be called upon for any of those debts." Upon bill filed by him alleging that debts of the old firm remained unpaid—calling for a discovery of the amount, and praying that the new firm might be decreed to pay the same, and not alleging that complaint had been damnified, *held*, that there was a mere contract of indemnity, and that if complainant had been damnified, he had a full and adequate remedy at law.

Such verbal agreement was not within the statute of frauds, as the actual surrender of the complainant's interest in the business of the firm, to the defendants, was a sufficient consideration to support it.

Appeal from St. Joseph Circuit in Chancery.

The bill was filed in this case for discovery and relief, the 13th May, 1852, alleging that in 1849 complainant entered into co-partnership at Constantine, with Brush Sutherland, and Denio & Pierce, in the cast iron manufactory, un-

der the firm of "Sutherland, Denio & Co."—and that complainant paid into said firm $560; that in February, 1850, complainant having left for California, Jacob Bonebright, complainant's father, as his agent and by his direction, sold out complainant's interest in the firm for $560; that Sutherland having a short time previously sold out to the other partners and William C. Pease, a new firm was formed, consisting of said Pease, Denio & Pierce, under the firm of "Denio & Co.;" that said new firm, in consideration of said sale by complainant, agreed verbally, at the time of the purchase of complainant's interest and the formation of said new firm, to pay off and keep complainant indemnified against the debts of the firm of "Sutherland, Denio & Co.," amounting to more than $300, but precisely how much complainant did not know; that defendants had not paid off the debts of the firm of "Sutherland, Denio & Co.," and that he, complainant, had been called upon and threatened with suits on account of those debts—and that no publication of a dissolution of said firm of "Sutherland, Denio & Co." having been made, defendants fraudulently contracted debts to a considerable amount, since complainant sold out as aforesaid, in the name of the firm of "Sutherland, Denio & Co."

The bill prayed discovery and relief—an account of the debts against the late firm of Sutherland, Denio & Co., and of liabilities contracted by defendants in the name of Sutherland, Denio & Co., since complainant sold out to them—a decree that defendants pay or indemnify complainant against those debts and liabilities.

To this bill, defendant, Pease, interposed a general demurrer.

The Court below dismissed the bill upon the ground that complainant had a perfect remedy at law; from which decree complainant appealed.

*Gurney & Bishop*, for complainants and appellants.

1. Courts of Equity will decree the specific performance

of a parol contract, notwithstanding the statute of frauds, where there has been a part performance. (*Am. Ch. Dig.,* 68, § 30, *citing* 8 *Gill. & Johns.* 93; *Ib.* 67, § 27, *citing* 4 *Porter,* 464.)

2. An agreement executed on one part, is not within the statute of frauds. (5 *U. S. Dig.* 74, § 1068, *citing* 2 *Root,* 191; 5 *Ib.,* 74, § 1069, *citing* 1 *Root,* 142, 233, *and* 479; 2 *Root,* 387; 7 *Conn.* 613; 5 *Ib.,* 74, § 1071, *citing* 3 *Watts & Serg.* 56; 2 *Rawle,* 53; 8 *Barb. S. C.* 613.)

3. Part performance of a parol contract may be a ground of relief in Equity, on the principle of relieving against fraud. (5 *U. S. Dig.,* 67, § 883, *citing* 13 *Verm.* 21; 4 *Comst.* 403.)

4. Fraud, in a Court of Equity, properly includes *all acts, omissions,* and *concealments,* which involve a breach of either *legal* or *equitable* duty, trust or confidence justly reposed. (1 *Am. Ch. Dig.* 455, *citing* 10 *Yerger,* 121; 1 *Story Eq. Juris.,* § 187.)

5. A bill in Equity will be sustained where there is, *at best,* but a doubtful and inadequate remedy at law. (2 *Am. Ch. Dig.,* 66, § 12, *citing* 1 *Johns. Ch. R.* 274; *Ib.* 66, § 15, *citing* 1 *A. K. Marsh.* 478; *Ib.* 66, § 19, *citing* 4 *Mon.* 26, *and* 5 *Mon.* 79; 1 *Dan. Ch. Pr.* 609–10; *Story Eq. Pl.* § 473; 6 *How. R.* 114; 2 *Am. Ch. Dig.* 23, § 2, *citing* 2 *Litt.* 72.)

*H. H. Riley,* for defendant and appellee, Pease.

The appellee insists, in support of the demurrer—

1. That if all the facts be true, as stated in the bill, complainant below has a clear remedy at law, when complainant is compelled to pay any of the debts of the company mentioned therein.

2. It does not appear that complainant has, as yet, been required to pay any such indebtedness, and the obligation was one of indemnity. (*Sedg. on Dam.* 314–317.)

3. The promise is within the statute of frauds, and ought

to have been made in writing. (*R. S. Chap.* 81, 2*d subd.* §. 2.)

4. The relief asked for, is novel and impracticable.

By the Court, PRATT, J.

Neither on the argument, nor in the subsequent examination of this case, have the Court been able to discover any errors in the proceedings or decree in the Court below.

The agreement of the defendants to pay the outstanding debts of the old firm of Sutherland, Denio & Co. in its legal effect, is a mere undertaking on their part, to indemnify the complainant against those debts, and so the agreement has been treated, as well in the draft of the bill as in the argument of the case, and yet the complainant does not pretend, by any allegation contained in his bill, that he has ever, in any way, been damnified in the least.

But if he had been, for aught that is averred or charged to the contrary, he has a full and adequate remedy at law.

The discovery prayed for by the complainant cannot help his case, and if the defendant had answered the bill, and fully discovered the amount of those debts still remaining unpaid, such discovery could not have changed the nature of the agreement, or the character of the case, made by the bill. Nor could the Court below upon his case have granted him the relief prayed for, any more than a Court of Equity could decree payment to be made by the principal to a promissory note in order to relieve the indorser from his legal liability upon it.

The sale and actual surrender of the complainant's interest in the business of the company to the defendants, was a sufficient consideration for their agreement to pay the outstanding debts of the old firm of Sutherland, Denio & Co.

The statute of frauds cannot therefore apply as contended by the counsel for the defendant, although the agreement was

41

in parol. The demurrer was properly sustained and the bill
dimissed by the Court below, for want of jurisdiction.